

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00066-CV

_____

$1,608.00 IN U.S. CURRENCY AND 2008 MAZDA,
VIN 1YVHP80C385M37457, Appellants

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 83560

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Robert Daugherty appeals from a default judgment in which the Sixth Judicial District Court of Lamar County ordered forfeiture to the State of $1,608.00 in United States currency and a 2008 Mazda automobile. Daugherty filed a motion with this Court asking us to order the County Attorney of Lamar County not to dispose of the seized property until this appeal is decided.[1] Instead of responding in this Court to Daugherty's motion, the State filed with the trial court a motion for new trial in the interest of justice. The trial court granted the motion and ordered a new trial. If granting a new trial was within the trial court's authority, this appeal must be dismissed.

The judgment was signed July 22, 2014. The State's motion for new trial was filed September 3, 2014, well outside the expiration of the plenary authority of the trial court over its judgment, unless that plenary power had been extended. *See* TEX. R. CIV. P. 329(b).

Before the State's motion for new trial had been filed, in fact, during the requisite thirty-day time period for a motion for new trial, Daugherty had filed pleadings in which he asked in several ways for the trial court to reconsider or correct its default judgment against him, based largely on the failure of service of process on him. Although not labeled as motions for new trial, Daugherty's filings requested the type of relief available through a motion for new trial. We interpret them as motions for new trial.

Daugherty's first such post-trial pleading was filed August 4, 2014, thus extending the plenary authority of the trial court to 105 days after the judgment, that is, to November 4, 2014.

---

[1] In civil lawsuits, a judgment may be superseded as provided by Rule 24 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 24.2(a)(5).

*See* TEX. R. CIV. P. 329b(c), (e).  The trial court's order of September 3, 2014, granting a new trial was therefore rendered while it had the authority to do so.

Because the judgment no longer exists, there is now no appealable order to support this appeal.  The motion to stay the disposal of the forfeited items is overruled as moot, as the State has no authority to dispose of those items, and they will be the subject of the new trial granted by the trial court.

We dismiss the appeal.


                                            Josh R. Morriss, III
                                            Chief Justice

Date Submitted:        September 18, 2014
Date Decided:          September 19, 2014

3